IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BIGHORN CAPITAL, INC., an Oregon Corp.;  )
MOODY GROUP INTERNATIONAL, LTD.,          )
a Delaware Corp.;                         )
                                          )   Case No. 05 C 5364
                  Plaintiffs,             )
                                          )   Judge Virginia M. Kendall
        v.                                )
                                          )
1000 SMA, LLC,                            )
1000 SOUTH MICHIGAN AVENUE, LLC,          )
CHICAGO TITLE LAND TRUST COMPANY,         )
and GUY GARDNER;                          )
                  Defendants.             )

MEMORANDUM OPINION AND ORDER

Bighorn Capital, Inc. ("Bighorn") and Moody Group International, Ltd. ("MGI") filed a multi-count complaint against Defendants for injuries stemming from a Loan Commitment agreement between the parties. Defendants have filed a Motion to Dismiss five of the six counts of Plaintiffs' complaint. For the reasons stated below, the motion is denied.

Standard

A complaint will not be dismissed for failure to state a claim unless it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). This Court must take all allegations in the complaint as true, and draw all reasonable inferences in the light most favorable to the plaintiff. *Pickrel v. City of Springfield,* 45 F.3d 1115, 1117 (7th Cir. 1995). To survive a motion to dismiss, a plaintiff "need not plead particular legal theories or particular facts in order to state a claim." *DeWalt v. Carter*, 224

F.3d 607, 612 (7th Cir. 2000). The plaintiff need only give a short and plain statement of the nature of the claim so as to provide notice to the defendants. *Id.*

Facts

The following facts are taken from the Amended Complaint ("AC at ¶__"). Plaintiffs Bighorn Capital and MGI are a real estate finance firm and acquisition organization respectively. AC at ¶9-10. In the spring of 2005, Defendants sought loan commitments from Plaintiffs for the development of high-rise condominiums on a plot of land at 1000 South Michigan Avenue in Chicago (the "Property"). *Id.* at ¶13-14. Defendants provided Bighorn with both an appraisal of the Property, and an appraisal for the adjacent building's air rights allegedly owned by one of Defendants. *Id.* at ¶15-16. Plaintiffs allege that both appraisals played a central role in the decision to lend to Defendants. *Id.*

The Parties negotiated and executed a Loan Commitment agreement (the "Agreement"), whereby Bighorn would act as the syndicated loan agent for a multi-million loan for the development and construction of the Property, and MGI would be a major lender and equity holder. *Id.* at ¶19-20, Exhibit A. Under the Agreement, Bighorn would have received substantial fees for syndicating and administering the loan, and MGI would have received a 60% equity interest in Defendant 1000 SMA, LLC. *Id.* at ¶21-25. Plaintiffs had secured the letters of intent from each of the syndicated lenders on the basis of the appraisals tendered by Defendants. *Id.* at ¶ 18.

After the parties executed the Agreement, but prior to the closing, Plaintiffs allege that they became aware that the appraisals were substantially overvalued; specifically, the appraisal of the Property was less than half that originally provided to Plaintiffs. *Id.* at ¶26. Plaintiffs allege that the initial overvalued representation is a breach of the terms of the Agreement. *Id.* at ¶29. Plaintiffs

allege that they mitigated damages by continuing to work with Defendants to reform the Agreement. *Id.* at ¶30. Defendants have since sought to sell the property at 1000 South Michigan to a third party. *Id.* at ¶32, Motion to Cancel *Lis Pendens*, Dkt. No. 14, at ¶6.

Plaintiffs brought suit for breach of contract and fraud, seeking three equitable remedies: reformation of the Agreement to reflect what the terms would have been had Defendants provided a correct appraisal; specific performance of that Agreement; and injunction of the sale of the property. In the alternative, Plaintiffs seek compensatory and punitive damages for two counts of breach of contract and one count of fraud. Defendants moved to dismiss the three equitable claims and the two claims for breach of contract. Defendants did not move to dismiss the claim for fraud.

*Lack of Adequate Remedy at Law*

Defendants move to dismiss all three claims for equitable relief pled by Plaintiffs on the basis that all three claims have an adequate remedy at law and are therefore inappropriate for pleading in equity. Equitable relief is not available if a party has an adequate remedy at law. *Fulton-Carroll Center, Inc. v. Indus. Council of Northwest Chicago*, 680 N.E.2d 1121, 1124 (Ill. App. Ct. 1993).

Defendants argue that monetary relief is available to Plaintiffs, thereby providing an adequate remedy at law making equitable relief inappropriate. As noted by the Court in its Memorandum Opinion and Order of November 9, 2005[1], in which the Court denied Defendants' motion to cancel *lis pendens* on the Property, this case involves the transfer of property because the Agreement at issue would have transferred 60% of the interest in Defendant 1000 SMA, LLC to Plaintiff MGI. The parties do not agree whether the transfer was a real estate interest or a stock interest, but the

---

[1] At that time, the case was assigned to a different judge in this district. On January 23, 2006, the case transferred to the present judge as part of the Executive Order creating the judge's initial calendar.

3

distinction is irrelevant for purposes of this ruling; either type of interest is sufficiently unique to allow Plaintiffs to plead equitable relief. *See Sjogren v. Maybrooks*, *Inc.,* 573 N.E.2d 1367, 1368 (Ill. App. Ct. 1991) (giving real property and shares of corporate stock as examples of items suitable for equitable relief); *Conway v. Connors*, 427 N.E.2d 1015 (Ill. App. Ct. 1981) (suit for restitution of stock interest properly brought in equity); *Dasher v. Bruno*, 126 N.E.2d 404, 407 (Ill. App. Ct. 1956) (agreements making real or personal property the subject of a security interest properly brought in equity). Therefore, the claims in this case properly concern an equitable interest that cannot be cured solely by monetary damages.

Defendants also argue that the terms of the Agreement provide the only avenue of recovery for Plaintiffs - liquidated monetary damages. But the Agreement sets forth one clause for "partial liquidated damages" that may, but need not, be exercised at the option of Plaintiffs. AC Exhibit A at pp. 2-3. Whether Plaintiffs fully performed or exercised their right to take liquidated damages, and whether any liquidated damages should be the full extent of Plaintiffs' recovery, involve questions of fact and therefore will not be resolved by the Court on a motion to dismiss. *See F. McConnell & Sons, Inc. v. Target Data Systems, Inc.*, 84 F. Supp. 2d 961, 978-79 (N.D. Ind. 1999). Plaintiffs have satisfied their burden to state a claim that will entitle them to equitable relief.

*Sufficiency of Pleadings for Reformation*

In addition challenging equitable relief generally, Defendants directly challenged the legal sufficiency of Plaintiffs' claim for reformation. In order to state a claim for reformation under Illinois state law, a party must allege five elements: 1) the existence and substance of an agreement between the parties and the identity of the parties to that agreement; 2) that the parties agreed to reduce their agreement to writing; 3) the substance of the written agreement; 4) that a variance exists

4

between the parties' original agreement and the writing; and 5) the basis for reformation (e.g., mutual mistake). *Schaffner v. 514 West Grant Place Condominium Ass'n, Inc.*, 756 N.E.2d 854, 864 (Ill. App. Ct. 2001).

Defendants argue that the basis for reformation is a mutual mistake or a drafting error, rather than Plaintiffs' basis of fraud during the negotiations. At its center, the disagreement between the parties reduces to whether Defendants' actions constitute "fraud in the inducement" potentially barring reformation as a form of relief per *Kornick v. Orange-Co., Inc.*, 1985 WL 1728 at *7 n.4 (N.D. Ill. 1985) or mistake of fact brought about by Defendants' fraud, permitting reformation under *Schaffner* and *City of Chicago v. American Nat'l Bank & Trust Co.* 599 N.E.2d 1126, 1129-30 (Ill. App. Ct. 1992). Whether the alleged conduct was fraud in the inducement or fraud in the writing turns on the facts uncovered during discovery, and is therefore not appropriate to address on a motion to dismiss. Plaintiffs have pled each of the five elements for reformation, including variance between the agreement of the parties and the terms of the Agreement, and have therefore met their burden to plead a claim for relief of reformation.[2]

Because Defendants did not specifically address the sufficiency of the pleadings for specific performance or injunction outside of the general issues of adequate remedy at law and adequate pleading of the elements of reformation, all three pleadings for equitable relief survive.

Claims for Breach of Contract

Defendants lastly address Plaintiffs' two counts for breach of contract, one on behalf of Plaintiff Bighorn, and one on behalf of Plaintiff MGI. Defendants argue that Plaintiffs cannot

---

[2] Defendants also raise the potential implications of the authorship of the document, citing *Stanfa v. Buffo*. 280 Ill. App. 261 (2d Dist. 1935). The authorship of the document, and the extent of Defendants' participation in the drafting, are likewise both questions of fact and not appropriate for determination on a motion to dismiss.

5

simultaneously plead that the terms of the Agreement do not reflect their agreement and warrant equitable relief, and that the Agreement's terms are clear enough to support a claim for breach of contract.

Under Illinois law, parties are permitted to plead alternative counts in the same action. *See Bureau Service Co. v. King*, 721 N.E.2d 159, 163 (Ill. App. Ct. 1999) (at the pleading stage, a party may plead alternative theories that are legally inconsistent). Plaintiffs pled the breach of contract counts on their face as alternatives to equitable relief. Should the facts of the case reveal that no variance between the parties' agreement and the Agreement can be proven, Plaintiffs may yet be able to prove that Defendants breached the terms of the Agreement.

## Conclusion

Defendants moved to dismiss five of the six counts of Plaintiffs' Amended Complaint. Because Counts I - III, for equitable relief, have been properly pled in equity, and because the Amended Complaint contains allegations that could support claims for reformation, Counts I through III survive a motion to dismiss. Because Counts IV and V are properly pled in the alternative, Counts IV and V also survive dismissal. Defendants' Motion to Dismiss is denied.

So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Dated: March 30, 2006